FILED
May 30, 2023
02:07 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Sondra L. Claybrooks | )    Docket No.     2020-06-0489 |
| | ) |
| v. | )    State File No.   23248-2020 |
| | ) |
| Insight Global, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert V. Durham, Judge | ) |

---

### Affirmed and Remanded

---

In the second interlocutory appeal in this case, the employee contends the trial court erred in granting summary judgment to the Tennessee Subsequent Injury and Vocational Recovery Fund, dismissing her request for expedited hearing, and denying her motion for a continuance. The employee alleged multiple injuries due to a fall in her employer's bathroom. Previously, the employee appealed the entry of a scheduling order, which we affirmed. On remand, the trial court issued a new scheduling order that, among other things, set an expedited hearing and a hearing on a Motion for Summary Judgment that had been filed by the Subsequent Injury and Vocational Recovery Fund to be heard on the same day. The employee failed to attend the hearing, although she was reportedly present in the building. She requested a continuance in writing, which the court denied. The court then granted the motion for summary judgment as well as the employer's oral motion to dismiss the request for expedited hearing, and it denied the employer's motion to dismiss the case entirely. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision, find the appeal to be frivolous, and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Sondra L. Claybrooks, Antioch, Tennessee, employee-appellant, pro se

L. Blair Cannon, Atlanta, Georgia, for the employer-appellee, Insight Global, LLC

Ronald W. McNutt, Nashville, Tennessee, for the appellee, Tennessee Subsequent Injury and Vocational Recovery Fund

**Factual and Procedural History**

In our prior opinion addressing the appeal of a scheduling order, we summarized the facts and procedural history as follows:

Sondra Claybrooks ("Employee") asserts she suffered various injuries as the result of a work-related fall on May 9, 2019, while working for Insight Global, LLC ("Employer"). Since that time, she has received treatment from various medical providers for symptoms related to her right hand, right wrist, right elbow, hip, and low back. On March 3, 2021, the trial court issued an expedited hearing order denying Employee's claim for temporary disability benefits and payment of certain past medical expenses. That order was not appealed.

Following the issuance of the court's expedited hearing order in March 2021, several disputes arose regarding the provision of a panel of physicians, Employee's requests for additional medical treatment, and written discovery requests. The court set approximately eight status hearings between April 2021 and December 2021. In November 2021, Employee filed a motion for temporary disability and medical benefits, which the court treated as a request for an expedited hearing. The court set such a hearing for January 21, 2022, but the hearing was continued at Employee's request on two occasions. Following the court's granting of Employee's second motion for a continuance, the court set several more status hearings. In April 2022, Employee filed two requests for expedited hearings and a motion to compel discovery.

On August 5, 2022, the trial court conducted a hearing to address Employee's motion to compel discovery and a request filed by Employer for a scheduling hearing. During that hearing, Employee stated she wished to proceed with a second expedited hearing to address her claim for additional medical benefits. The second expedited hearing was scheduled for September 26, 2022. The Court also set a scheduling hearing to occur telephonically on August 25, 2022.

*Claybrooks v. Insight Global, LLC*, No. 2020-06-0489, 2022 TN Wrk. Comp. App. Bd. LEXIS 39, at *1-3 (Tenn. Workers' Comp. App. Bd. Oct. 28, 2022) (footnotes omitted).

Following the August 25 hearing, Employee appealed the scheduling order issued, and we affirmed that order, concluding the court did not abuse its discretion in issuing a scheduling order. Upon remand, the court issued a new scheduling order that, among other things, set an expedited hearing for March 6, 2023. In the meantime, the Subsequent Injury and Vocational Recovery Fund ("SIF") filed a motion for summary

judgment, arguing Employee had not provided sufficient evidence to establish that she is permanently and totally disabled, a material fact necessary to trigger any obligations on the part of SIF. The motion was set to be heard on the same date as the expedited hearing.

Employee filed a response to the motion, to which she attached hundreds of pages of medical records, and further stated in her response that SIF should not be dismissed as it "did not object when asked in a hearing in 2022." Employee further averred she was "denied a records review [at a hearing in August 2022] . . . therefore I am unable to proceed."

The hearing on March 6, 2023 began timely, but Employee was not present in the courtroom. The court's order recites the events of that day, stating that after approximately ten minutes, the bailiff notified the court and the parties that Employee was present in the building. The court paused the proceedings to give Employee time to come into the courtroom. After another twelve minutes had passed, the court asked the bailiff to bring Employee into the courtroom. The bailiff returned with a note from Employee indicating she was ill and wanted a continuance. The bailiff then indicated Employee had left the premises.

The court orally denied the motion for a continuance given the late nature of the request, as well as the numerous delays that had previously occurred in the case. It proceeded to hear SIF's motion for summary judgment. Employer made an oral motion to dismiss either the entire claim or, at a minimum, the request for an expedited hearing, given Employee's failure to prosecute. The court issued an order granting SIF's summary judgment motion, stating that Employee "did not submit any admissible evidence establishing a material question of fact as to whether she was permanently and totally disabled from her . . . work-related fall." In a separate order, the court denied Employee's request for continuance, granted Employer's motion to dismiss the request for expedited hearing, and denied Employer's motion to dismiss the claim in its entirety. Employee has appealed.

**Standard of Review**

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Thus, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In reviewing a trial court's decision on a motion for summary judgment, we are to review the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Lyles v. Titlemax of Tenn., Inc.*, No. W2017-00873-SC-WCM-WC, 2018 Tenn. LEXIS 520, at *5 (Tenn. Workers' Comp. Panel Sept. 14, 2018).

3

Moreover, a trial court's decision to grant or deny a motion for continuance is reviewed under an abuse of discretion standard. *Liberty Mutual Insurance Co. v. Friendship Home Health Agency, LLC*, No. M2007-02787-COA-R3-CV, 2009 Tenn. App. LEXIS 262, at *8 (Tenn. Ct. App. Mar. 19, 2009). An appellate court may "find an abuse of discretion only if the [trial] court 'applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party.'" *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). Furthermore, a dismissal for failure to prosecute is also reviewed on appeal under an abuse of discretion standard. *Fischer v. Sverdrup Tech., Inc.*, No. M2010-01095-WC-R3-WC, 2011 Tenn. LEXIS 574, at *5 (Tenn. Workers' Comp Panel June 7, 2011). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

In her notice of appeal, Employee states, "An independent, fair and impartial judiciary is indispensable to our system of justice and in my opinion the system has failed." Employee did not identify any specific issue relative to either order from the March 6, 2023 hearing in her notice of appeal, but Employee did file two additional statements with the notice of appeal, as well as numerous medical records.[1] In the statement dated March 16, 2023, Employee takes issue with the court's accounting of the circumstances of the morning of the hearing but does not deny that she was present in the building and did not attend the hearing. In another statement, dated March 23, 2023, Employee states, "The SIF should identify the injuries involved in this claim. If it is asking to be relieved of these claims but has not provided any medical treatment for the injuries then it should be fined for not providing the panel of doctors. . . . I am requesting temporary benefits and other benefits due to me be paid." Employee has filed no documents supporting any claim against SIF or pointing to any proof in the record of permanent and total disability. SIF has asked that the trial court's order granting it summary judgment be affirmed. For its part, Employer asks that Employee's appeal be deemed frivolous.

On the date of the hearings, the court granted a motion for summary judgment, granted an oral motion to dismiss the request for expedited hearing, and denied an oral motion to dismiss the claim. Employee has made no filings addressing any of these

---

[1] On May 16, 2023, Employee filed a motion for an extension of time to file her brief on appeal. The necessity of the motion is unclear, as Employee had previously filed a brief on April 4, 2023. On May 30, 2023, Employee filed a second brief. Regardless of Employee's asserted need for additional time, both the motion and the brief were filed well after the deadline to file a brief had expired. *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(1). As such, the motion is hereby denied, and the second brief was not considered for purposes of this appeal.

4

issues specifically.  As such, we are unable to discern any factual or legal issues for review.  As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010).  We cannot comb the record for possible errors and raise issues and arguments for Employee, as we would then be acting as her counsel, which the law clearly prohibits. *See Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).  As mandated by Tennessee Code Annotated section 50-6-239(c)(7), we must presume the trial court's factual findings are correct, unless the preponderance of the evidence is otherwise.

*Summary Judgment Motion*

Although Employee's appeal lacks specificity in identifying the issues she is seeking to appeal, in relation to the summary judgment motion, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."  *Rye*, 477 S.W.3d at 250.  The Tennessee Supreme Court has explained the requirements for a movant to prevail on a motion for summary judgment as follows:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.  We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis.  Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial."  Tenn. R. Civ. P. 56.03.  "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record."  *Id.*

*Rye*, 477 S.W.3d at 264-65.  If the movant is successful in meeting that burden, the nonmoving party cannot rely on mere allegations but must demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in favor of the nonmoving party.  Such evidence must be presented through affidavits or other means as specified in Rule 56.  *Id.* at 265.  Furthermore, as relevant to the issues presently before us on appeal, Rule 56.04 of the Tennessee Rules of Civil Procedure provides, in part:

> Subject to the moving party's compliance with Rule 56.03, the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The trial court shall state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling.

In its motion, SIF asserted Employee had no expert medical proof that her fall at work resulted in an impairment that rendered her permanently and totally disabled as required by Tennessee Code Annotated section 50-6-208(a). In response, Employee filed medical records, but the court was unable to consider them, stating it is allowed only to "consider 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.' Medical records, standing alone, are not included in that list." *See Sadeekah v. Abdelaziz d/b/a Home Furniture and More*, No. 2020-06-0218, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at *13 (Tenn. Workers' Comp. App. Bd. June 22, 2021) (internal citation omitted). Moreover, Employee did not identify any admissible evidence that would create a genuine issue of material fact regarding SIF's potential liability.

The trial court considered the admissible evidence before it, and it noted Employee had offered no expert proof of permanent and total disability that could support a claim against SIF. In short, we find no error with the trial court's decision in this regard.

*Motion to Continue and Dismissal of Request for Expedited Hearing*

To the extent the denial of Employee's motion to continue is being appealed, we find no abuse of discretion. The hearing had been set for several months and, despite Employee being present in the building, she failed to appear before the trial court. The trial court further noted that there had also been numerous delays in the case. As we have explained previously, a trial court has "discretion in controlling the pace of litigation and in efficiently disposing of its cases." *Smith v. The Newman Grp., LLC*, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Tenn. Workers' Comp. App. Bd. Sept. 21, 2015). Considering the totality of the circumstances, we find no error in the court's denial of the motion for continuance.

Employer also made an oral motion to dismiss Employee's request for an expedited hearing for failure to prosecute under Rule 41.02 of the Tennessee Rules of Civil Procedure, as well as a motion to dismiss the claim in its entirety. Although the order from the court does not outline specifically the basis of dismissing the request for expedited hearing, Employee has not shown, and we cannot find, that the court abused its discretion in doing so. The record contains numerous instances of delays caused by Employee's actions as discussed above, including Employee's failure to appear on the date of her previously scheduled expedited hearing. Employee submitted no proof of

6

illness to the trial court that could have supported her motion for continuance, and she declined to present her motion in person despite being present in the building. Accordingly, we conclude the court did not abuse its discretion in dismissing the request for hearing because the prosecuting party failed to appear.

*Frivolous Appeal*

Employer asks that we find this appeal frivolous, as there is "no coherent explanation as to the basis of her appeal . . . ." As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding." (internal citation and quotation marks omitted)). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted). We agree that Employee presented no reviewable issues or legal argument on appeal and that this appeal had no realistic chance of success. Thus, we conclude Employee's appeal is devoid of merit and is frivolous. However, we exercise our discretion not to award attorneys' fees and costs on this occasion.

**Conclusion**

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Sondra L. Claybrooks | ) | Docket No. 2020-06-0489 |
| | ) | |
| v. | ) | State File No. 23248-2020 |
| | ) | |
| Insight Global, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of May, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Sondra L. Claybrooks | | | | X | slclay2228@gmail.com |
| L. Blair Cannon | | | | X | blair.cannon@thehartford.com |
| Ronald McNutt, Attorney, Subsequent Injury and Vocational Recovery Fund | | | | X | ronald.mcnutt@tn.gov |
| Robert V. Durham, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*signature*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov